# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| NARCISO SEVERINO-CONTRERAS, | |
|---|---|
| Petitioner, | CIVIL NO. 16-2951 (PAD) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## OPINION AND ORDER

Delgado-Hernández, District Judge.

Before the court is petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence" (Docket No. 1), which the government opposed (Docket No. 13). For the reasons explained below, the motion is DENIED and the case DISMISSED.

## I. BACKGROUND

On March 25, 2015, petitioner, along with two co-defendants, was charged in a four-count Indictment with two counts of possession and conspiracy to possess with intent to distribute five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846, and two counts of possession and conspiracy to possess with intent to distribute five kilograms of cocaine, in violation of 46 U.S.C. § 70503(a)(1), § 70504(b)(1), and § 70506 (a) and (b) (Crim. No. 15-209, Docket No. 16).[1] On June 23, 2015, he pled guilty to Count Four (Crim. No. 15-209, Docket No. 35). On September 21, 2015, he was sentenced to 75 months of imprisonment, followed by five years of supervised release (Crim. No. 15-209, Docket No. 73; Docket No. 75, p. 2). In addition, the court imposed a special monetary assessment of $100.00 and dismissed the remaining counts. Id.

---

[1] The Indictment also includes a forfeiture allegation in line with 21 U.S.C § 881 and 46 U.S.C § 70507 (Crim. No. 15-209, Docket No. 16).

Petitioner did not appeal. Instead, on August 15, 2016, he filed a *pro se* motion for reduction of sentence predicated on Amendment 782 (Crim. No. 15-209, Docket No. 90), which the court denied on grounds of ineligibility (Crim. No. 15-209, Docket No. 91). On October 6, 2016, petitioner filed a *pro se* "Memorandum in Support of 28 U.S.C. § 2255 and Motion for Downward Variance under 5K2.0 and 5H1.6" (Crim. No. 15-209, Docket No. 92), and on November 9, 2016 a "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Civil No. 16-2951, Docket No. 1).[2]

## II. **STANDARD OF REVIEW**

Pursuant to Section 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The statute provides for post-conviction relief in four instances, namely, if the petitioner's sentence: (1) was imposed in violation of the Constitution; (2) was imposed by a court that lacked jurisdiction; (3) exceeded the statutory maximum; or (4) was otherwise subject to collateral attack. See, David v. United States, 134 F.3d 470, 474 (1st Cir. 1998)(identifying grounds for post-conviction relief). Claims that do not invoke constitutional or jurisdictional errors are properly brought under section 2255 only if the claimed error is a fundamental defect which if uncorrected will result in a complete miscarriage of justice or an irregularity inconsistent with the rudimentary demands of fair procedure. Id.

---

[2] On February 24, 2017, petitioner filed *pro se* a motion for default as to his motion for downward departure (Crim. No. 15-209, Docket No. 95). On April 3, 2017, the court entered an order informing him that his *pro se* filings (Docket Nos. 92 and 95) had to be filed by his attorney of record (Id. at Docket No. 96).

## III. DISCUSSION

### A. Amendment 794

Petitioner asks for application of Amendment 794 (Civil No. 16-2951, Docket No. 1, p. 14). After he was sentenced, the United States Sentencing Commission passed Amendment 794 to the United States Sentencing Guidelines ("U.S.S.G."). The Amendment became effective on November 1, 2015. It modified the Commentary to U.S.S.G. § 3B1.2, to provide a downward adjustment to the offense level if the defendant had a minimal or minor role in the criminal activity for which he was convicted.

Amendment 794 does not apply retroactively on collateral review. See, Díaz-Caraballo v. United States, 2019 WL 2500405, *2 (D.P.R. June 14, 2019)(stating proposition); Shepard-Fraser v. United States, 2017 WL 1386333, *2 (D.P.R. April 18, 2017)(similar).[3] Furthermore, the policy statement pertaining to reductions in a defendant's term of imprisonment, resulting from an amended guideline range, enumerates the amendments that are covered by the provision. See, U.S.S.G. § 1B1.10(d); United States v. Vaugh, 806 F.3d 640, 643 (1st Cir. 2015)("Section 1B1.10 authorizes a sentencing reduction only when one of an enumerated list of guideline amendments applies"). And Amendment 794 is not among the listed Guideline Amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review. See, United States v. Tapia, 2016 WL 4815150, *1 (M.D. Fla. Sept. 14, 2016)("Because it is not listed in Section 1B1.10(d), Amendment 794 is not applied retroactively on collateral review."). Given

---

[3] See also, Lindsey v. United States, 2017 WL 283384 *1 (S.D. Ill. Jan. 23, 2017)("although Amendment 794 has been applied retroactively on direct appeal, it has not been held retroactively [applicable] on collateral review."); Germany v. United States, 2016 WL 6780213, *1 (D. Md. Nov. 16, 2016)("[B]ecause Amendment was made retroactive by the Commission and not the Supreme Court, it applies retroactively only on direct appeal").

that petitioner was sentenced before the Amendment became effective, it does not apply retroactively here.

### B. Ineffective Assistance of Counsel

Petitioner contends that his attorney was ineffective in failing to: (1) file a sentencing memorandum; (2) seek a favorable plea; (3) request a minimum role adjustment; (4) file a motion for downward variance or departure; and (5) file a direct appeal (Criminal Case 15-209, Docket No. 92). To establish ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that it prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984)(so noting).

To establish deficiency, a petitioner must show that counsel's performance "fell below an objective standard of reasonableness" under prevailing professional norms. Strickland, 466 U.S. at 688. Under this standard, defense counsel is presumed to have acted "within the range of reasonable professional assistance," and the petitioner bears the burden of overcoming "the presumption that, under the circumstances, [the] challenged action 'might be considered sound trial strategy.'" Id. at 689.

To show prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. This assessment must be a fairly tolerant one because the Constitution pledges to an accused an effective defense, "not necessarily a perfect defense or successful defense." Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012).

With this backdrop, petitioner's showing is two-fold: he must demonstrate that defense counsel's performance fell below an objective standard of reasonableness and that prejudice resulted from it. See, Strickland, 466 U.S. at 687 (so recognizing). If he fails to satisfy one of the prongs, the court need not consider the remaining prong. See, Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010)(articulating formulation). The performance standard "is to be applied not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991). The "range of reasonable professional assistance" is wide and judicial scrutiny "highly deferential." Strickland, 466 U.S. at 689. Measured by these parameters, the petition fails.

First, petitioner was indicted in a drug conspiracy that involved possession with intent to distribute 429.9 kilograms of cocaine (Criminal Case 15-209, Docket No. 59).[4] Pursuant to a plea agreement, he pled guilty to possession with intent to distribute at least 50 kilograms, but less than 150 kilograms of cocaine in violation of 46 U.S.C. § 70503(a)(1), 46 U.S.C. § 70506(a) and 21 U.S.C. § 962 (Docket No. 35). Based on a Total Offense Level of 31 and a Criminal History Category ("CHC") of III, the Probation Officer calculated a Guideline Sentencing Range ("GSR") of 135-168 months (Docket No. 59, p. 8). Defense counsel filed a sentencing memorandum, argued that petitioner's CHC should be II, and requested that the court impose a sentence of 120 months in consideration of the 3553(a) factors (Docket No. 63). The court heard statements in support of mitigation of punishment on behalf of the defense (Docket No. 73) and imposed a sentence of 75 months- a sentence below the minimum set in the Sentencing Guidelines -and a

---

[4] Unless otherwise specified, the docket entries refer to Crim. No. 15-209 (PAD).

supervised release term of five years (Docket No. 73; Docket No. 75, p. 2). Three of the four counts were dismissed (Docket No. 73). This does not reflect ineffectiveness.

Second, as for minimum role adjustment, there is nothing in the record objectively showing that petitioner was less culpable than the other two co-conspirators or other individuals who have committed similar crimes. The "Government's Version of the Facts," which petitioner signed (Docket No. 35, pp. 10-11), shows the contrary. Additionally, by pleading guilty petitioner benefited from a stipulated lower drug quantity.[5] Even though he faced an imprisonment term of at least 120 months, he was sentenced to 75 months (Docket No. 73; Docket No. 75, p. 2). In the plea agreement he and the government agreed that, "no further adjustments or departures may be sought by either party and that any request by Defendant for an adjustment or departure will be considered a material breach of [the] plea agreement" (Docket No. 35, p. 5). Counsel could not be considered to have been ineffective for not breaching the plea agreement, and petitioner has not provided any support for the assertion that he was entitled to a further reduction in the sentence or that his counsel was ineffective by failing to argue for an even lower sentence.

Third, on the issue of downward variance or departure under U.S.S.G. § 5H1.6 or § 5K2.0, counsel requested that the court impose the lowest sentence that he could request without violating the plea agreement. Counsel's performance "was not deficient if he declined to pursue a futile tactic." Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999)(stating principle); Acha v. United States,

---

[5] The gross weight of the seized contraband was 504 kilograms, the net weight was 429.0 kilograms (Docket No. 59, p. 5) and in line with the plea agreement, petitioner was sentenced based on possession of at least 50 kilograms but less than 150 kilograms of cocaine (Docket No. 35, p. 4).

910 F.2d 28, 32 (1st Cir. 1990)(failure to raise meritless claims is not ineffective assistance of counsel).[6]

Fourth, the allegation regarding direct appeal lacks support. Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either that "a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal)," or that a particular defendant "reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). Relevant factors in this inquiry include whether the conviction follows a trial or a guilty plea, whether the defendant received the sentence bargained for as part of the plea, and whether the plea expressly reserved or waived some or all appeal rights. Id.

---

[6] In the Memorandum (Docket No. 92), petitioner also requests a downward variance or departure arguing that several elements support the request, including his family ties to the Dominican Republic. Id. at pp. 4-7. First, Fed.R.Crim.P. 35 provides that within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical or other clear error. Petitioner was sentenced on September 21, 2015 (Docket Nos. 73 and 75), and the request in question was included in a memorandum filed on October 6, 2016, more than one year after sentencing. Second, Fed.R.Crim.P. 36 states the court may correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission. There is no indication of any such error in this case. For a discussion of errors within the scope of Rule 36, see, 3 Charles Alan Wright and Sarah N. Welling, *Federal Practice and Procedure, Federal Rules of Criminal Procedure* (2011), pp. 765-773. Third, 18 U.S.C. § 3582 (c)(2) prohibits district courts from modifying a term of imprisonment once it has been imposed, unless the Sentencing Commission has subsequently lowered a sentencing range pursuant to 28 U.S.C. § 994(o). To determine whether a sentence may be reduced in light of Section 3582 (c)(2), the district court must determine whether the defendant is eligible for a sentence modification and the extent of the reduction authorized. See, United States v. Candelaria-Silva, 714 F.3d 651, 656 (1st Cir. 2002)(stating proposition). If the defendant is eligible for a reduction in sentence, the district court must consider the applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized is warranted in whole or in part under the particular circumstances of the case. Id. But the Sentencing Commission has not lowered petitioner's guideline sentencing range- compare § 2D1.1 (c)(3) of Guidelines Manual (November 2018), p. 147 (Level 34), with Plea and Forfeiture Agreement (Docket No. 35)(United States Sentencing Guidelines Calculation Table), p. 4 (Level 34), and Amended Presentence Investigation Report (Docket No. 59)(Offense Level Computation), p. 8 (Level 34). In consequence, there is no occasion to consider further variances or departures. See, U.S.S.G. § 1B1.10(a)(2)(B)("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582 c(2) if-[the amendment] does not have the effect of lowering the defendant's applicable guideline range").

As mentioned earlier, the petitioner pled guilty pursuant to a plea agreement. When he did so, he was found competent to plea and advised of his constitutional rights, the consequences of waiving constitutional rights, the maximum penalties, and applicable guidelines. See, Minute Entry for Proceedings (Docket No. 39). He knowingly and voluntarily waived his right to appeal the judgment and sentence provided he was sentenced in accordance with the terms and conditions of the plea agreement (Docket No. 59, p. 5).

Petitioner was sentenced to a term of imprisonment of 75 months, which is lower than both the applicable GSR for a total offense level of 31 (adjusted from a BOL of 34 on account of acceptance of responsibility) irrespective of criminal history as identified in the agreement (Id. at p. 4), and the statutory minimum sentence. Id. Considering the inherent benefits of the plea agreement- petitioner benefitted from a lower stipulated amount of drugs, and a three-point level reduction for acceptance of responsibility -the waiver of appeal clause, and the sentence below the statutory minimum, it was not objectively unreasonable for counsel not to appeal. On the face of the record, it plainly appears that petitioner is not entitled to relief. His legal representation was not unconstitutionally infirm.

## IV. CONCLUSION

For the reasons stated, petitioner's motion under 28 U.S.C. § 2255 is DENIED and the case DISMISSED. Judgment shall be entered accordingly.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 1(a) of the "Rules Governing Section 2255 Proceedings for the United States District Courts", the district court must issue or deny a certificate of appealability ("COA")

when it enters a final order adverse to the applicant. The court may issue a COA upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Jennings v. Stephens, 135 S.Ct. 793, 802 (2015). Because no such showing has been made in the present case, the court will not issue a COA. Petitioner may still seek a certificate directly from the First Circuit Court under Federal Rule of Appellate Procedure 22(b)(1).

**SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March, 2020.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE